IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| BILLY MACK BARR, JR., PRO SE, | § | |
| also known as BILLY M. BARR, JR., | § | |
| TDCJ-CID No. 630474, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:11-CV-0263 |
| | § | |
| CHARLES McDUFFIE, Warden, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff BILLY MACK BARR, JR., acting pro se and while a prisoner confined in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant

to Title 42, United States Code, section 1983 complaining against the above-referenced

defendant and has been granted permission to proceed in forma pauperis.

Plaintiff claims the Eighth Amendment prohibition against cruel and unusual punishment

has been violated in that the chow hall doors are left open and inmates are forced to eat in hot or

cold conditions and are exposed to insects during the spring, summer, and autumn.  Plaintiff says

that, for about a month after his arrival in October of 2009, officials had tied a blanket to the

door jamb so the doors would not entirely close but would retain some of the heat in the winter

and the coolness in the summer and would not let in insects.  Plaintiff says prison officials have

cited security reasons for changing that practice about a month after his arrival and his requests

that officials go back to tying a sheet or blanket around the door jamb have been denied.

Plaintiff requests that the Court issue a preliminary injunction or temporary restraining order "stopping the cruel and unusual punishment by feeding inmates w/chow hall doors open."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

In its prohibition of "cruel and unusual  punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

4/11-0263                                    2

reasonable  measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825,

114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-

527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).  While there is no static test to determine

whether conditions of confinement are cruel and unusual, punishment rises to the level of an

Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of

pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S.

97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S.

153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).

A prisoner asserting a claim that conditions of confinement constituted cruel and unusual

punishment must show deliberate indifference on the part of prison officials.  *Wilson v. Seiter*,

501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  The appropriate definition of "deliberate

indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal

law."  *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994);

*Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994).  In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless
> the official knows of and disregards an excessive risk to inmate health or safety;
> the official must both be aware of facts from which the inference could be drawn
> that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979.  It is only under exceptional

circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by

the obviousness of the substantial risk.

While plaintiff clearly found the conditions in the chow hall uncomfortable, there is

nothing in plaintiff's complaint which indicates any wanton infliction of pain or that chow hall

conditions posed an excessive risk to his health or safety or a substantial risk of serious harm[3].

Plaintiff has failed to allege facts which will state a claim of Eighth Amendment violation.

Moreover, since filing suit, plaintiff has been transferred to the Montford Unit in

Lubbock, Texas.  The only relief plaintiff has requested is injunctive relief.  "The transfer of a

prisoner out of an institution often will render his claims for injunctive relief moot" unless he

"can s how either a 'demonstrated probability' or a 'reasonable expectation' that he will be

transferred back to the facility."  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(quoting

*Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)).  *See, Wallace v.*

*Texas Tech University*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996)(Jurisdiction over plaintiff's claims

for future relief appropriate only if reasonable likelihood exists that the plaintiff will again be

subjected to the allegedly unconstitutional actions.").  Plaintiff has been transferred to the

Montford Unit in Lubbock and is no longer at the Clements Unit.  Consequently, plaintiff's

request for injunctive relief is MOOT.  *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

Mootness removes a federal court's authority to adjudicate, depriving it of subject matter

jurisdiction.  *Savidge v. Fincannon*, 836 F.2d 898, 904 (5th Cir. 1988).  Therefore, as his claim

now stands, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections

1915A and 1915(e)(2), Title 42, United States Code, section 1997e(a), and Rule 12(b)(1),

---

[3]As former Chief Justice Rehnquist, writing as a Justice, remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16, 101 S.Ct. 829, 831, 66 L.Ed.2d 785 (1981).  Inmates may only expect that the society they once abused will provide them with constitutionally adequate confinement, not "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988)(quoted with approval in *Wilson v. Lynaugh*, 878 F.2d 846, 849 n.5 (5th Cir. 1989).

Federal Rules of Civil Procedure, it is the RECOMMENDATION of the Magistrate Judge to the

United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United

States Code, section 1983, by plaintiff BILLY MACK BARR, JR., be DISMISSED WITHOUT

PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE

GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of May, 2012.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district

court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).